## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **D. D. RYANS, LLC** | |
| Plaintiff, | |
| v. | |
| **URBAN ENTREES, LLC D/B/A THREE KINGS PUB BY DIRK FLANIGAN** | Case No. 4:22-cv-212 |
| Serve at: Reg. Agt. Taft Service Solutions Corp. 111 E Wacker Drive, Suite 2800 Chicago, IL 60601 | |
| Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

COMES NOW Plaintiff D. D. Ryans, LLC ("Plaintiff"), by and through its undersigned counsel, and states the following for its Complaint against Defendant Urban Entrees, LLC ("Defendant") the facts set forth below.  Plaintiff demands a jury trial on all causes of action against Defendant.

## SUMMARY OF THE ACTION

1.      Plaintiff has been a restaurant owner in St. Louis for over a decade. Plaintiff owns multiple "Three Kings Public House" restaurants in the St. Louis Metropolitan area.  The restaurants are highly rated by consumers and offer premium "pub fare" including gourmet hamburgers and other sandwiches.  To operate and promote its business, Plaintiff utilizes three trademarks: "Three Kings Public House," "Three Kings," and "Three Kings Pub."

2.      Plaintiff started using "Three Kings Public House" in connection with restaurant and bar services since at least 2011, and trademarked "Three Kings Public House" in 2016. Plaintiff trademarked "Three Kings" in 2021.

3.      Plaintiff offers delivery services for each of its restaurants.  In addition, Plaintiff's customers can find it on food delivery apps like "grubhub."  Plaintiff invests in substantial marketing campaigns to reach consumers through social media platforms like instagram and facebook, where Plaintiff markets itself as "Three Kings Pub" and "Three Kings" and "Three Kings Public House."

4.      Defendant is a foreign entity who offers online restaurant and bar services across multiple locations in the United States.  Defendant sells the same type of "pub fare" as Plaintiff.

5.      Defendant used a mark that is nearly identical and/or confusingly similar to one or more of Plaintiff's marks in connection with Defendant's business: "Three Kings Pub by Dirk Flanigan."

6.      Defendant uses the name "Three Kings" to market itself on the same social media platforms as Plaintiff.

7.      Defendant uses the name "Three Kings" to market delivery of its food items on apps like grubhub.

8.      Plaintiff's customers who have ordered from Plaintiff through grubhub.com have indicated to Plaintiff that they are actually confused as to whether Defendant's "Three Kings Pub" was actually Plaintiff's business.

9.      Defendant brazenly appropriated Plaintiff's trademark to capitalize on Plaintiff's many years of success.  Defendant rode on the coattails of Plaintiff's goodwill to deceive consumers that Plaintiff was offering restaurant and bar services through Defendant when in reality Plaintiff was never associated with Defendant.  Defendant's infringement is malicious and

in bad faith.

## THE PARTIES AND THE MARKS

10.     Plaintiff is a domestic entity. Plaintiff is a restaurant owner with its principal place of business in St. Louis County, Missouri.

11.     Plaintiff is the owner of the service mark "Three Kings Public House," Registration Number 4892517 for restaurant and bar services. Plaintiff first used the Mark in 2011. Plaintiff filed the application for registration on June 18, 2015, and registration occurred on January 26, 2016.

12.     Plaintiff is the owner of the service mark "Three Kings," Registration Number 6602534 for restaurant and bar services.  Plaintiff first used the Mark in 2011.  Plaintiff filed the application for registration on February 10, 2021, and registration occurred on December 28, 2021.

13.     Collectively, "Three Kings Public House," and "Three Kings" are referred to as the "Marks."

14.     Plaintiff is the owner of the common law mark "Three Kings Pub," as Plaintiff has used that phrase to market and promote its restaurant since 2011.

15.     Registration of the Marks on the Principal Register with the United States Patent and Trademark Office constitutes prima facie evidence of the Marks' validity and is conclusive evidence of Plaintiff's rights to the Marks in commerce.

16.     Plaintiff has used the Marks and the common law mark continuously in commerce for over five years since they were registered thereby making the Marks incontestable.

17.     Plaintiff has used the Marks and the common law mark continuously and publicly in order to promote its restaurant and bar service business with three locations in the St. Louis

Metropolitan area known as "Three Kings Public House." Plaintiff offers its services both in-person and offers food for delivery. Plaintiff has invested large sums of money in promoting its business with the Marks and the common law mark through multimedia campaigns that have spanned many years.

18.     Plaintiff's Marks and the common law mark are famous because the Marks and the common law mark are all recognized by the general consuming public of the United States as a designation of source of the goods or services offered only by Plaintiff.  Specifically, customers from across the country use the Marks and the common law mark by name when posting favorable reviews of Plaintiff's restaurants.

19.     Defendant Urban Entrees, LLC is a foreign entity; it operates a restaurant and bar service in multiple markets from its principal location in Chicago, Illinois.

20.     Defendant advertises as "Three Kings" or "Three Kings Pub" various social media platforms and on grubhub.com and directly competes with Plaintiff for customers in the St. Louis, Missouri area.

**JURISDICTION AND VENUE**

21.     The Court has original subject matter jurisdiction over this controversy pursuant to 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331, 1338, and 1367 because Plaintiff's claims arise under the Lanham Act, specifically 15 U.S.C. Sections 1114(1) and 1125.  The Court has pendent jurisdiction over Plaintiff's state law claims, as those claims arise out of the same facts and circumstances as the Lanham Act claims.  As such, the state law claims are joined with and substantially related to Plaintiff's Lanham Act claims.

22.     Defendant is subject to personal jurisdiction in Missouri because Defendant committed the tortious and illegal acts referenced herein in Missouri and because Plaintiff suffered harm from Defendant's tortious and illegal acts in Missouri. Defendant engaged in

systemic and continuous business activity in Missouri as it sells or purports to sell a variety of food products for delivery to Missouri consumers.

23.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because the events giving rise to the claims occurred in this District.   Plaintiff was first harmed by Defendants' illegal conduct in this District..

## FACTS COMMON TO ALL COUNTS AND CAUSES OF ACTION

24.     Plaintiff, at all times relevant, has been the sole owner of trademark rights regarding the Marks and the common law trademark of "Three Kings Pub" and has never assigned any of those rights.  Plaintiff does not approve, and has never approved, of Defendant using the Marks or the common law trademark  in any manner.

25.     Plaintiff has used the Marks and the common law trademark in commerce continuously since approximately 2011.

26.     Plaintiff, at all times relevant, has supported the Marks and the common law trademark with extensive multi-media advertising in its various markets including Missouri and Illinois.

27.     During 2021, Plaintiff got a complaint from a customer because the customer tried to purchase food from "Three Kings Pub" via Grubhub, but was told that "Three Kings Pub" would not deliver to his location in St. Louis.  This was confusing to the customer because the customer lived within a short distance of one of Plaintiff's restaurants.

28.     Plaintiff investigated the complaint and discovered Defendant was selling food on Grubhub using the name "Three Kings Pub" (the "Offending Mark"). Upon further investigation, Plaintiff discovered that Defendant was utilizing the Offending Mark to sell food online via foodhaul.com and other websites  Plaintiff learned that Defendant was utilizing the Offending Mark to promote Defendant's business on a variety social media platforms, making it appear as

though Plaintiff was sponsoring or otherwise affiliated with Defendant's restaurants.

29.    Upon information and belief, there are numerous other customers who were confused by Defendant's use of the Offending Mark but did not report their confusion to Plaintiff.

30.    The Offending Mark, as it appears exactly on Defendant's website via the url https://www.foodhaul.com/restaurant/three-kings-pub/, is reproduced below:



31.    On September 6, 2021 Plaintiff sent a letter to Defendant demanding that Defendant cease and desist all its use and all advertisement in connection with the Offending Mark.

32.    As of the date of the Complaint, Defendant has refused to comply with Plaintiff's demand, and continues to market and use the Offending Mark in connection with its restaurant and bar service business.

33.    Upon information and belief, Defendant marketed and used, and continues to market and use, the Offending Mark in connection with other restaurant and bar service businesses across the United States.

34.    Defendant uses the Mark for the purpose of attracting consumers and misleading those consumers into thinking that Defendant is associated with Plaintiff, or that Defendant can provide Plaintiff's "Three Kings Pub" restaurant and bar services associated with the Mark.

35.     Plaintiff has been damaged by Defendant's use of the Marks and the common law mark such that:

    a.   Plaintiff has lost customers, revenue, and goodwill to Defendant;

    b.   Plaintiff has continued to make substantial expenditures promoting the Marks and hte common law mark and Plaintiff has not gotten the benefit of those expenditures;

    c.   Plaintiff has been forced to spend significant sums of money in an effort to reclaim its Marks and the common law mark from Defendant; and

    d.   Plaintiff has not received the benefit of substantial expenditures it made to acquire the Marks.

## Count I - Trademark Infringement and Counterfeiting - Section 32 of the Lanham Act

36.     Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

37.     Defendant used the Marks to offer its own similar but counterfeit restaurant and bar service business including, but not limited to, online food delivery services. The Offending Mark literally has the words "Three Kings Pub," and Defendant literally used the words "Three Kings Pub" as its label for its delivery service on Grubhub.

38.     Thus, consumers would be deceived into believing that the Offending Mark is associated with, or the exact same as, Plaintiff's restaurant and bar service business and/or the Offending Mark is associated with the Marks when in reality both are false.

39.     Defendant, in using the Marks to offer its counterfeit restaurant and bar service business, caused confusion, mistake, or deception as to the source or sponsorship of Defendant's restaurant and bar service business.  Defendant caused the consuming public to believe that Defendant's restaurant and bar service business has been approved by Plaintiff or that Defendant

is legitimately connected with Plaintiff or authorized by Plaintiff to use the Mark and sell food under "Three Kings Pub."

40.     Defendant's use of the Marks is also likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of the Offending Mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

41.     Plaintiff has been damaged by Defendant's infringement of the Marks and continues to suffer immediate and irreparable damage as long as Defendant's activity continues.

## Count II - Unfair Competition - Section 43(a) of the Lanham Act

42.     Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

43.     Defendant used the Marks in interstate commerce to compete with Plaintiff for customers from Missouri, Illinois, and other areas across the globe.

44.     Defendant made unauthorized use of the Marks by using the Offending Mark in connection with its counterfeit restaurant and bar service business. The use of the Offending Mark was intended to exploit the Marks and Plaintiff's goodwill so as to increase business and sales for Defendant, and to lure restaurant and bar service customers away from Plaintiff and to Defendant.

45.     Defendant's use of the Marks is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of Defendant with Plaintiff, or cause confusion, mistake or deception by suggesting sponsorship or approval of the Offending Mark by Plaintiff.

46.     Defendant's restaurant and bar service utilizing the Offending Mark on its website constitutes commercial advertisement or promotion that misrepresents the nature, characteristics, and/or qualities of the Offending Mark and commercial activities by associating them with Plaintiff.

47.     Plaintiff has been damaged by Defendant's use of the Marks.

### Count III - Trademark Dilution - Section 43(c) of the Lanham Act

48.     Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

49.     By using the Marks as the operative part of the Offending Mark in connection with its counterfeit restaurant and bar service, Defendant has diluted the distinctive value of Plaintiff's Marks.

50.     Plaintiff has been damaged by Defendant's dilution of the Marks and continues to suffer immediate and irreparable damage as long as Defendants' activity continues.

### Count IV - Trademark Infringement - Missouri

51.     Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

52.     Defendants' unauthorized use of the Marks and the common law mark is likely to cause confusion, mistake, or deception as to source, sponsorship, or approval of the Offending Mark in violation of Mo.Rev.Stat. § 417.056.

53.     Consumers of restaurant and bar services or at least a significant portion thereof are likely to believe that the Offending Mark is licensed by, sponsored by, connected with, authorized by, or related to Plaintiff.

54.     Plaintiff has been damaged by Defendant's infringement of the Marks and the common law mark, and continues to suffer immediate and irreparable damage as long as Defendant's activity continues.

### Count V - Trademark Dilution - Missouri Anti-Dilution Act

55.     Plaintiff restates and incorporates by reference the preceding allegations of its

Complaint.

56.     By using the Marks and the common law mark as the operative part of the Offending Mark in connection with its counterfeit restaurant and bar service, Defendant has diluted the distinctive value of Plaintiff's Marks and teh common law mark in violation of the Missouri Anti-Dilution Act, Mo.Rev.Stat. § 417.061.

57.     Plaintiff has been damaged by Defendant's infringement of the Marks and the common law marks, and continues to suffer immediate and irreparable damage as long as Defendant's activity continues.

## Count VI- Improper Appropriation of Domain Name; Anticybersquatting Consumer Protection Act

58.     Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

59.     Defendant, prior to the date of this Complaint, acquired and used the domain name "foodhaul.com/restaurant/three-kings-pub" (the "offending domain").

60.     The offending domain is the same as, or is confusingly similar to, or is dilutive of the Marks and the common law mark.

61.     Defendant operated the offending domain to attract customers that would otherwise be seeking to do business with Plaintiff.

62.     Defendant has acted with bad faith and intent to profit from the offending domains as evidenced by the following:

   a.   The Marks are federally registered and nationally known service marks of Plaintiff, who does business in multiple states.

   b.   The common law mark is also nationally known to belong to Plaintiff.

   c.   Defendant covertly, and without obtaining any permission from Plaintiff,

used the Marks and the common law mark to promote its own "pub fare" restaurant food business in competition with Plaintiff.

    d.   The offending domain includes the Marks and/or the common law mark in a manner which clearly refers to Plaintiff (i.e., "Three Kings Pub").

    e.   Defendant uses the Marks and the common law mark as though it belonged to it.

63.    When Defendant acquired the offending domain, Defendant had no reasonable basis to believe that its use of the offending domain would be fair use or otherwise lawful.

64.    Accordingly, Defendant has acquired, used, registered, trafficked in and/or used the offending domain for improper purposes in violation of the Anticybersquatting Consumer Protection Act.

65.    Plaintiff has been damaged by Defendants' acquisition, use and/or registration of the offending domain.  At minimum, Plaintiff has lost customers, revenue, and profits.  Plaintiff has been deprived of its substantial expenditures to trademark, promote and protect the Marks and the common law mark.  Plaintiff's Marks have been diluted and devalued by Defendant's use of the same, which has caused Plaintiff to suffer financial losses.

## Prayer for Relief

Plaintiff respectfully requests that the Court enter judgment in its favor on all Counts, and that the Court specifically find that Defendant engaged in trademark infringement, unfair competition, and trademark dilution in violation of the Lanham Act, and that Defendant violated the anticybersquatting consumer protection act, and that Defendant engaged in trademark infringement and dilution in violation of Missouri law.  Plaintiff respectfully requests the Court enter judgment that Defendant acted willfully with respect to all violations of state and federal law.

Plaintiff respectfully requests that the Court permanently enjoin Defendant from using the Marks, the common law mark, or a name confusingly similar to the Marks or common law mark, using the Offending Mark for any purpose, and from infringing on Plaintiff's rights in the Marks or common law mark.

Plaintiff respectfully requests that the Court require Defendant to provide an accounting to Plaintiff of all monies gained by them from the use of the Offending Mark and all profits earned by it since the start of its use of the Offending Mark.

Plaintiff respectfully requests that the Court award it actual damages in an amount to be determined at trial, that the Court award Plaintiff three times the amount of its actual damages, Defendant's profits over the period Defendant has used the Offending Mark, the costs of this action, attorneys' fees, and such other amounts as the Court deems just pursuant to 15 U.S.C. Section 1117(a).

Plaintiff respectfully requests that the Court award it three times the amount of Defendant's profits or Plaintiff's damages, whichever is greater, together with a reasonable attorneys' fee and prejudgment interest pursuant to 15 U.S.C. Section 1117(b).

Plaintiff respectfully requests that the Court award it statutory damages of not less than $1,000 or more than $200,000 per counterfeit mark per type of good or service sold or offered for sale, or if the Court finds Defendant's use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold or offered for sale pursuant to 15 U.S.C. Section 1117(c).

Plaintiff respectfully requests that the Court award it statutory damages of $100,000 for the offending domain name pursuant to 15 U.S.C. Section 1125(d) and 15 U.S.C. Section 1117(d).

Plaintiff respectfully requests all such other and further relief that the Court deems proper.

<strong><u>JURY DEMAND</u></strong>

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**VOYTAS LAW, LLC**

By: <u>/s/ Richard A. Voytas, Jr.</u>
Richard A. Voytas, Jr., #52046 MO
7321 S Lindbergh Blvd, Ste. 101
St. Louis, MO 63125
Phone: (314) 380-3166
Email: rick@voytaslaw.com

*Attorney for Plaintiff*

**HELLER & ASSOCIATES**

By: <u>/s/ Annette P. Heller</u>
Annette P. Heller, #26748 MO
400 Chesterfield Center, Ste. 400
Chesterfield, MO 63017
Phone: 314.469.2610
Email: TMAttorneyHeller@aol.com

*Co-Counsel for Plaintiff*